## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made by: (A) Javier Gonzalez, Jaime Alvarez, Felipe Upun Jochala, Mario Rodriguez Martinez, Adan Mejia, Saul Mejia and Fernando Morales ("Plaintiffs"), individually and on behalf of their present and former representatives, agents, attorneys, heirs, executors, administrators, successors, and assigns, (B) Loving Hut 7th Avenue, Inc., Lisa Li-Fang Wang and AllySandra S. L. Chan, (collectively "Defendants"), individually and on behalf of their present and former directors, officers, partners, owners, representatives, agents, attorneys, parents, subsidiaries, affiliates, successors, heirs, executors, administrators, successors, and assigns. Plaintiffs and Defendants are collectively referred to hereafter as "Settlement Parties."

WHEREAS, on or about January 12, 2016, Plaintiff, Javier Gonzalez, on behalf of himself and similarly situated employees, commenced an action by filing a Complaint encaptioned Javier Gonzalez v. Loving Hut 7th Avenue, Inc., et al., Civil Action No. 16-cv-00221, in the United States District Court Southern District of New York ("Litigation"); and

WHEREAS, an Amended Complaint was filed on August 1, 2016 and six other individuals opted in as plaintiffs; and

WHEREAS, the Settlement Parties have determined it to be in their mutual interests to settle any and all claims or other matters  arising out of Plaintiffs' employment; and

WHEREAS, the Plaintiffs and Defendants have determined it to be in their mutual interest to dismiss the Litigation with prejudice; and

WHEREAS, Defendants dispute the issues of liability and damages claimed in the Lawsuit; and

NOW, THEREFORE, for good and valuable consideration, the receipt of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Settlement Parties agree as follows:

1.   <u>Preliminary Matters</u>

Plaintiffs acknowledge that they have consulted with Spivak Lipton LLP regarding this Agreement and have considered carefully its advice.

2.   <u>Mutual Release of Claims</u>

2.1.   Plaintiffs fully and unconditionally release and forever discharge Defendants from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in connection with, any claims under the Fair Labor Standards Acts (FLSA); any claims under New York Labor Law ("NYLL"); any claims under the New York Codes, Rules and Regulations, Articles 6, 7 and 19 of the New York Labor Law; any claims pursuant to the New York State Minimum Wage Order for the Restaurant Industry, *et seq.* and the New York State Hospitality Wage Order, *et seq.*; any claims under any other federal, state or local wage and hour law; and any claims for reimbursement, wages, vacation or other leave time through the effective date of this Agreement (which shall be the date that the Court approves the terms of the Agreement). This release does not bar a claim that a term of this Agreement has been materially violated.

2.2.   Defendants fully and unconditionally release and forever discharge Plaintiffs, from any and all causes of action, suits, damages, claims, judgments, interest, attorneys' fees, liquidated damages, punitive damages, costs and expenses whatsoever relating to, or in connection with, any claims under the Fair Labor Standards Acts (FLSA); any claims under New York Labor Law ("NYLL"); any claims under the New York Codes, Rules and Regulations,

Articles 6, 7 and 19 of the New York Labor Law; any claims pursuant to the New York State

Minimum Wage Order for the Restaurant Industry, *et seq.* and the New York State Hospitality

Wage Order, *et seq.*; any claims under any other federal, state or local wage and hour law; and

any claims for reimbursement, wages, vacation or other leave time through the effective date of

this Agreement (which shall be the date that the Court approves the terms of the Agreement).

This release does not bar a claim that a term of this Agreement has been materially violated.

3.      Termination of the Litigation

        Plaintiffs agree to terminate, discontinue, and dismiss the Litigation in its entirety and in

each and every respect, with prejudice, and to cooperate and to take all necessary and appropriate

action to accomplish same consistent with the terms of this Agreement.  In that connection,

Defendants' counsel will execute and deliver to Plaintiffs' Counsel a Stipulation of Dismissal

with Prejudice ("Stipulation") in the form of the attached Exhibit A, voluntarily dismissing the

Litigation with prejudice.  Plaintiffs' counsel agrees to file the fully-executed Stipulation

immediately once all payments have been made in accordance with Section 4.1(b) below.

4.      Monetary Consideration

        4.1.      The total monetary consideration to be paid by Defendants to Settling Plaintiffs'

and Settling Plaintiffs' counsel shall be $150,000.00 ("Total Settlement Amount") which shall be

paid in the amounts and by the deadlines specified below.

        (a)      Within thirty (30) days of the Court's approval, Defendants shall make the first

installment payment of $75,000. This $75,000 payment shall be divided amongst the Settling

Plaintiffs and Settling Plaintiffs' counsel as set forth in Exhibit B hereto.  The Agreement is

expressly conditioned upon Defendants making the payment described in this Section 4.1(a).

(i) Should Defendants fail to make this initial payment of $75,000 in full as required by Section 4.1(a), then: this Agreement and all of its terms shall be null and void, and may not be enforced by any of the Settlement Parties and, furthermore, Settling Plaintiffs shall be entitled, without condition, to resume the Litigation, provided that Settling Plaintiffs first return any partial payments received from Defendants. Any such partial payments shall be returned to Slater Slater Schulman LLP's escrow fund within thirty (30) business days of receipt.

(b) On the first day of the second month following the payment due date set forth in Section 4(a) above, and on the first day of each of the following four months, Defendants shall make installment payments in the amounts set forth in Exhibit B.

(c) For each of the payments provided for in Sections 4(a) and 4(b), the Defendants shall cause to be calculated, based on the amounts apportioned to Settling Plaintiffs in Exhibit B, each Settling Plaintiffs' individual withholdings required on the "back wage" compensation due to each Settling Plaintiff in accordance with Section 4.2 below and cause settlement checks for the net amounts due to each Settling Plaintiff to be sent to Spivak Lipton LLP, as provided in Section 4.2.  Spivak Lipton LLP will be solely responsible for sending each settlement check to each individual Settling Plaintiff.  Defendants shall not be responsible for ensuring the actual receipt of each settlement check by Settling Plaintiffs.

4.2.    <u>Tax Payment Procedures</u>

(a)(1)   With respect to the payments referred to in Section as back-wage compensation, Defendants shall report the payments made pursuant to these provisions of the Agreement to the Internal Revenue Service (and other relevant government agencies) as wage income in the year of payment on a Form W-2 or similar form issued to Plaintiffs in accordance

with applicable law.  Within five (5) days of the Court's approval of this Agreement, Plaintiffs shall provide Defendants with a Form W-4 (and W-9 if no social security number is being provided) unless he previously provided such information to Defendants. If Plaintiffs does not and has not already provided such information to Defendants within that timeframe, Defendants will withhold as if Plaintiffs were single (regardless of actual marital status), as if such Plaintiffs had elected zero exemptions, and Defendants will consider Plaintiffs a resident of New York City. Defendants shall pay all city, state and federal payroll taxes imposed by applicable law with respect to the amounts treated as wages pursuant to this Section 4.2(a)(1).

(a)(2)   Upon the Court's approval of this Agreement, each Plaintiff shall provide Defendants with his social security number or individual taxpayer identification number, unless he previously provided such information to Defendants. If Defendants no longer maintain Plaintiffs' social security number or individual taxpayer identification number, then Plaintiffs shall resubmit their social security number or individual taxpayer identification number upon request at the time Defendant executes this Agreement.

(b)      With respect to the payments referred to in Exhibit as B "Other (1099)" compensation, these payments represent non-wage compensation from which no withholdings or deductions shall be taken.  These payments will be reflected in an IRS Form 1099-MISC, using Box 3 of Form 1099-MISC.

(c)      Although Plaintiffs and Defendants believe, in good faith, that the tax treatment of the payments referred to in this Agreement and the procedures set forth in this Agreement regarding withholding and payment, are proper and in compliance with applicable tax regulations, if, notwithstanding such belief, the Internal Revenue Service or any other federal, state or local government, administrative agency or court determines that Plaintiffs

5

and/or Defendants are liable for any failure to pay federal, state or local income or employment taxes with respect to the payments made under Section 4.1 of this Agreement, or liable for interest or penalties related thereto, Plaintiffs and Defendants shall each be responsible for their own portion of any such liability and their own legal fees incurred in determining such liability.

(d)     Plaintiffs acknowledge and agree that (i) this settlement may result in taxable income to Plaintiffs under applicable federal, state and local tax laws; (ii) Defendants are providing no tax, accounting or legal advice to Plaintiffs, and make no representations regarding any tax obligations or tax consequences on Plaintiffs' part relating to or arising from this Agreement; (iii) Plaintiffs shall be solely responsible for all of their respective individual tax obligations, including, without limitation, all federal, state and local taxes, and Plaintiffs shall not seek any indemnification from Defendants with respect thereto; (iv) Plaintiffs have been advised that Defendants must comply with their obligations to make reports of such taxable income to the appropriate federal, state and local tax authorities, and issue IRS Forms W-2 and 1099, as appropriate, and (v) Plaintiffs shall cooperate and provide information to Defendants, as reasonably necessary, to allow Defendants to comply with all applicable federal, state and local tax laws.  As such, Plaintiffs shall provide Defendants with signed IRS Forms W4 and W9 simultaneously with execution and delivery of this Agreement.

5.     <u>Non-Admission of Liability</u>

The execution of this Agreement shall not be construed as an admission of any liability whatsoever by the Defendants.  Plaintiffs will not claim to be a prevailing party, to any degree or extent.  Except in the event the Court determines that the terms of this Agreement should be placed into the public record, neither this Agreement nor any evidence concerning any of its

6

terms shall be admissible in any proceeding other than in a proceeding to enforce the terms contained herein.

   6. <u>Default or Late Payment</u>

   In the event Defendants fail to make the payments provided for herein, Plaintiffs shall provide Defendants with written notice of default sent by email to <u>jschulman@sssfirm.com</u> and overnight mail to Jonathan Schulman, Slater Slater Schulman LLP, 445 Broadhollow Road, Ste 334, Melville, NY 11747, which shall provide no less than ten (10) business days to cure such default following the delivery of the notice of default by overnight mail.  Should Defendants fail to cure within that time frame, the entire balance of the Total Settlement Amount shall immediately become due and payable, and Plaintiffs may take any and all necessary legal action against Defendant, including but not limited to entry and execution upon the Confessions of Judgment set forth in Exhibit C hereto.

   In the event Defendants fail to make the payments provided for herein: (a) each Defendant shall be jointly and severally liable in the event of default, and (b) Defendants shall pay Plaintiffs' reasonable attorneys' fees and costs associated with enforcement of the Agreement.  Notwithstanding anything contained in this Section, all terms of this Agreement remain conditioned on timely receipt of the initial payment to be made by Defendants as described in Section 4.1(a) above.


   7. All of the terms and conditions of this Agreement shall be binding upon Defendants, their representatives, successors, and assigns, including, but not limited to, any purchaser of any of Defendants' businesses.  Each Defendant agree that she or it will not enter into any agreement for the sale or transfer of business, nor will she or it sell or otherwise transfer business or assign its lease

without first (a) notifying Plaintiffs (through their counsel) of the intention to do so, and (b) securing from the potential purchaser/transferee/assignee an agreement to assume all of Defendants' duties and obligations under this Agreement, and all of the terms hereof, and providing proof of same to Plaintiffs' counsel.  Transactions covered by this provision include stock sales or exchanges, mergers, consolidations, spin-offs, foreclosures, auctions, purchases by bankruptcy, lease assignments, sale of assets, equipment, receivables, or any other method by which a business is transferred or sold.  Defendants can avoid the obligations of this Section by satisfying their payment obligations to Plaintiffs in full prior to engaging in any transaction covered by this Section.

8.   <u>Miscellaneous</u>

8.1.   <u>Governing Law</u>.  This Agreement shall be construed as a whole in accordance with its fair meaning and in accordance with the laws of the State of New York (without regard to its choice of law principles), as are applied to contracts to be performed wholly within the State of New York.  The Settlement Parties expressly stipulate and agree that the United States District Court Southern District of New York shall retain jurisdiction over the matter for all purposes including but not limited to an action brought by one or more Settlement Parties to enforce the terms of the Agreement and/or to allege a breach of the Agreement.

8.2.   <u>Descriptive Headings</u>. The headings used herein are for reference only and shall not in any way affect the meaning or interpretation of this Agreement.

8.3.   <u>Severability</u>.  In the event that any one or more of the provisions of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remainder of the Agreement shall not in any way be affected or impaired thereby. Moreover, if any one or more of the provisions contained in this Agreement shall be held to be excessively broad as to duration, activity or subject, including but not limited to the

release set forth in Section 2 of this Agreement, such provisions shall be construed by limiting and reducing them so as to be enforceable to the maximum extent allowed by applicable law.

8.4.     <u>Entire Agreement</u>. This Agreement represents the sole and entire agreement between the Settlement Parties and supersedes all prior agreements, negotiations and discussions between the Settlement Parties hereto, and their respective counsel, with respect to the subject matters covered hereby.

8.5.     <u>Drafter of this Agreement</u>.  In recognition of the fact that the Settlement Parties hereto had an equal opportunity to negotiate the language of, and draft this Agreement, the Settlement Parties acknowledge and agree that there is no single drafter of this Agreement and therefore, the general rule that ambiguities are to be construed against the drafter is, and shall be, inapplicable.  If any language in this Agreement is found or claimed to be ambiguous, each party shall have the same opportunity to present evidence as to the actual intent of the Settlement Parties with respect to any such ambiguous language without any interference or presumption being drawn against any party.

8.6.     <u>Amendments</u>.  Any amendment to this Agreement must be in writing signed by duly authorized representatives of each of the Settlement Parties hereto and stating the intent of each party to amend the Agreement.  Any written changes must be approved by the Court.

8.7.     <u>Counterparts</u>.  This Agreement may be executed by each party in separate counterparts, each of which shall constitute an original and the sum of which shall constitute one document.

9.     <u>Further Employee Acknowledgments</u>

9.1.     Plaintiffs acknowledge that they have twenty-one (21) days to review and consider this Agreement. Plaintiffs further acknowledges that if they execute this Agreement

prior to the end of the twenty-one (21) day period, any such prior execution was a knowing and voluntary waiver of his right to consider this Agreement for the full twenty-one (21) days and was due to their conclusion that they had ample time in which to consider and understand this Agreement, and in which to review this Agreement with their attorney or any other advisor.

9.2.    Plaintiffs understand and agree that they have a period of seven (7) days following the signing of this Agreement to revoke it.  Plaintiffs understand that in the event that they revoke this Agreement, it shall be null and void and of no force or effect on any party hereto prior to the expiration of the seven (7) day period.  Any revocation must be in writing and received by counsel for Loving Hut 7th Avenue, Inc., Lisa Li-Fang Wang and AllySandra S. L. Chan: Jonathan E. Schulman, Esq., Slater Slater Schulman LLP, 909 Third Avenue, 28th Floor, New York, New York 10022, Tel No. (212) 922-0906, jschulman@sssfirm.com.  Plaintiffs further understand that this Agreement shall not be effective or enforceable until the seven (7) day revocation period has expired without revocation.

Any notices relating to this Agreement shall be given in writing to counsel as set forth in the preceding paragraph or to successor counsel or a Settlement Party, if so designated (in a notice complying with this Section 10.2) by present counsel or one of the Settlement Parties.

**PLAINTIFF:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**

DATED: _____, 2016          By: _____
                                                          JAVIER GONZALEZ

STATE OF NEW YORK      )
                                            ) ss.:
COUNTY OF NEW YORK   )

On the _____ day of _____ in the year 2016 before me, the undersigned personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

I, Melinda Rodriguez, hereby declare that I am fluent in Spanish and English.  On the _____ day of _____ in the year 2016, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_____
Melinda Rodriguez

11

**PLAINTIFF:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**


DATED: _____, 2016          By: _____
                                          JAIME ALVAREZ

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK   )


On the _____ day of _____ in the year 2016 before me, the undersigned personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.


_____
Signature and Office of individual
taking acknowledgment


I, Melinda Rodriguez, hereby declare that I am fluent in Spanish and English.  On the _____ day of _____ in the year 2016, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.


_____
Melinda Rodriguez

**PLAINTIFF:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**

DATED: _____, 2016          By: _____

                                              FELIPE UPUN JOCHALA

STATE OF NEW YORK      )
                                      ) ss.:
COUNTY OF NEW YORK   )

On the _____ day of _____ in the year 2016 before me, the undersigned personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

I, Melinda Rodriguez, hereby declare that I am fluent in Spanish and English.  On the _____ day of _____ in the year 2016, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_____
Melinda Rodriguez

**PLAINTIFF:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**


DATED: _____, 2016          By:   _____
                                          MARIO RODRIGUEZ MARTINEZ

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK   )


        On the _____ day of _____ in the year 2016 before me, the undersigned personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.


_____
Signature and Office of individual
taking acknowledgment


        I, Melinda Rodriguez, hereby declare that I am fluent in Spanish and English.  On the _____ day of _____ in the year 2016, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.


_____
Melinda Rodriguez

**PLAINTIFF:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**

DATED: _____, 2016    By: _____

                                                ADAN MEJIA

STATE OF NEW YORK    )
                                 ) ss.:
COUNTY OF NEW YORK  )

On the _____ day of _____ in the year 2016 before me, the undersigned personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

I, Melinda Rodriguez, hereby declare that I am fluent in Spanish and English.  On the _____ day of _____ in the year 2016, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_____
Melinda Rodriguez

**PLAINTIFF:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**

DATED: _____, 2016             By: _____

                                                          SAUL MEJIA

STATE OF NEW YORK        )
                                            ) ss.:
COUNTY OF NEW YORK    )

On the _____ day of _____ in the year 2016 before me, the undersigned personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

I, Melinda Rodriguez, hereby declare that I am fluent in Spanish and English.  On the _____ day of _____ in the year 2016, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_____
Melinda Rodriguez

**PLAINTIFF:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN SPANISH, AS NECESSARY.**

**YO AFIRMO QUE ESTOY FIRMANDO ESTE ACUERDO DE LIQUIDACIÓN Y RENUNCIA DE RESPONSABILIDAD CON UN TOTAL ENTENDIMIENTO DE SUS TÉRMINOS, LOS CUALES ME HAN TRADUCIDO Y EXPLICADO EN SU TOTALIDAD EN ESPAÑOL, SEGÚN FUERA NECESARIO.**

DATED: _____, 2016          By: _____
                                              FERNANDO MORALES

STATE OF NEW YORK      )
                                     ) ss.:
COUNTY OF NEW YORK  )

        On the ____ day of _____ in the year 2016 before me, the undersigned personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

        I, Melinda Rodriguez, hereby declare that I am fluent in Spanish and English.  On the ____ day of _____ in the year 2016, I read a Spanish translation of this Settlement Agreement and Release to the undersigned.

_____
Melinda Rodriguez

**DEFENDANTS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN THAI, AS NECESSARY.**

[INSERT MANDARIN TRANSLATION]

DATED: _____, 2016          By: _____

                                                        LISA LI-FANG WANG IN HER
                                                        INDIVIDUAL CAPACITY

STATE OF NEW YORK          )
                                 ) ss.:
COUNTY OF NEW YORK   )

On the _____ day of _____ in the year 2016 before me, the undersigned personally appeared_____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

**DEFENDANTS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN THAI, AS NECESSARY.**

DATED: _____, 2016          By:    _____

ALLYSANDRA S. L. CHAN IN HER
INDIVIDUAL CAPACITY

STATE OF NEW YORK          )
                                                     ) ss.:
COUNTY OF NEW YORK   )

On the _____ day of _____ in the year 2016 before me, the undersigned personally appeared_____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

**DEFENDANTS:**

**I AFFIRM THAT I AM SIGNING THIS SETTLEMENT AGREEMENT AND RELEASE WITH A FULL UNDERSTANDING OF ITS TERMS, THEIR HAVING BEEN TRANSLATED AND FULLY EXPLAINED TO ME IN THAI, AS NECESSARY.**

DATED: _____, 2016        By:   _____

LISA LI-FANG AS SOLE PRINCIPAL OF
LOVING HUT 7TH AVENUE, INC.

STATE OF NEW YORK      )
                                               ) ss.:
COUNTY OF NEW YORK  )

     On the _____ day of _____ in the year 2016 before me, the undersigned personally appeared_____, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf which the individual acted, executed the instrument.

_____
Signature and Office of individual
taking acknowledgment

# EXHIBIT A

Hope Pordy
Gillian Costello
SPIVAK LIPTON LLP
1700 Broadway
New York, New York 10019
Tel: (212) 765-2100
Fax: (212) 541-5429
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER GONZALEZ, JAIME ALVAREZ,
FELIPE UPUN JOCHALA, MARIO RODRIGUEZ
MARTINEZ, ADAN MEJIA, SAUL MEJIA and
FERNANDO MORALES,

                              Plaintiffs,

                   v.

LOVING HUT 7th AVENUE, INC., LISA LI-FANG
WANG and ALLYSANDRA S.L. CHAN,

                              Defendants.

**STIPULATION
DISCONTINUING
ACTION**

Case No.16-CV-00221

          IT IS HEREBY STIPULATED AND AGREED by the parties herein that the above-

entitled action, together with all cross-claims and counterclaims, be and the same is, hereby

discontinued, with prejudice and without costs to any party and this stipulation may be filed with

the Clerk of the Court without further notice.

Dated: December _____, 2016

SPIVAK LIPTON LLP
*Attorneys for Plaintiffs*
1700 Broadway, 21st Floor
New York, NY 10019
Tel No:  (212) 765-2100
Fax No.: (212) 765-8954
Email: hpordy@spivaklipton.com

By:  _____
      Hope Pordy

SLATER SLATER SCHULMAN LLP
*Attorneys for Defendants*
909 Third Avenue, 28th Floor
New York, New York 10022
Tel No.:  (212) 922-0906
Fax No.: (212) 922-0907
Email: jschulman@sssfirm.com

By:  _____
      Jonathan E. Schulman, Esq.,

SL-211129.1

# EXHIBIT B

## EXHIBIT B
## Loving Hut - Payment Schedule

| | | |
|---|---|---:|
| **TOTAL SETTLEMENT AMOUNT** | $ | 150,000.00 |
| Costs | $ | 5,024.17 |
| Attorneys' Fees | $ | 48,276.95 |
| **TOTAL PLAINTIFF SETTLEMENT AMOUNT** | $ | 96,698.88 |
| Offer Net of Initial Payment | $ | 26,723.05 |
| Saul & Adan Settlement Amount | $ | 13,361.52 |
| Remaining Settlement Amount | $ | 13,361.52 |

| Initial Payment | | |
|---|---|---:|
| **Initial Payment** | $ | **75,000.00** |
| Spivak Lipton LLP (Costs) | $ | 5,024.17 |
| Initial Payment Net of Costs | $ | 69,975.83 |
| Saul Mejia | $ | 17,493.96 |
| Adan Mejia Jimenez | $ | 17,493.96 |
| Felipe Upon | $ | 4,065.80 |
| Mario Rodriguez Martinez | $ | 5,759.20 |
| Javier Gonzalez | $ | 4,275.48 |
| Jaime Alvarez | $ | 10,443.71 |
| Fernando Morales | $ | 10,443.71 |

Apportionment
Based on %

| Total Settlement Amounts | | | |
|---|---|---|---:|
| Saul Mejia | 25% | $ | 24,174.72 |
| Adan Mejia Jimenez | 25% | $ | 24,174.72 |
| Felipe Upon | 4% | $ | 4,065.80 |
| Mario Rodriguez Martinez | 6% | $ | 5,759.20 |
| Javier Gonzalez | 5% | $ | 4,275.48 |
| Jaime Alvarez | 16% | $ | 14,846.53 |
| Fernando Morales | 20% | $ | 19,402.43 |

| | | 5 Installments | | 30% Backpay (W-2) | | 70% Other (1099) |
|---|---|---|---|---|---|---:|
| **Saul & Adan Payment Schedule** | | | | | | |
| Saul Mejia | $ | 6,680.76 | $ | 1,336.15 | $ | 400.85 | $ | 935.31 |
| Adan Mejia Jimenez | $ | 6,680.76 | $ | 1,336.15 | $ | 400.85 | $ | 935.31 |
| **Remaining Payment Allocation** | | | | | | |
| Jaime Alvarez | $ | 4,402.81 | $ | 880.56 | $ | 264.17 | $ | 616.39 |
| Fernando Morales | $ | 8,958.71 | $ | 1,791.74 | $ | 537.52 | $ | 1,254.22 |

| | | | | |
|---|---|---|---|---:|
| Spivak Lipton LLP | 33.30% | $ | 48,276.95 | $ | 9,655.39 |

# EXHIBIT C

Hope Pordy
Gillian Costello
SPIVAK LIPTON LLP
1700 Broadway
New York, New York 10019
Tel: (212) 765-2100
Fax: (212) 541-5429
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAVIER GONZALEZ, JAIME ALVAREZ, FELIPE UPUN JOCHALA, MARIO RODRIGUEZ MARTINEZ, ADAN MEJIA, SAUL MEJIA and FERNANDO MORALES,<br><br>                                   Plaintiffs,<br><br>                              v.<br><br>LOVING HUT 7th AVENUE, INC., LISA LI-FANG WANG and ALLYSANDRA S.L. CHAN,<br><br>                                   Defendants. | **AFFIDAVIT OF CONFESSION OF JUDGMENT**<br><br>Case No.16-CV-00221 |

STATE OF          )
                           ) ss
COUNTY OF      )

AllySandra S.L. Chan, being duly sworn, deposes and says as follows:

1. I reside at _____, County of _____, State of New York.

2. This confession of judgment is for a debt justly to become due to certain Plaintiffs arising from the following facts: I am named as a Defendant in Javier Gonzalez, et al. v. Loving Hut 7th Avenue, Inc., et al., Civil Action No. 16-cv-00221, filed in the United States District Court Southern District of New York (the "Litigation"). I am also a signatory to a Settlement Agreement and Release dated December _____, 2016 (the "Agreement"), which sets forth the terms and conditions upon which the Litigation was resolved.

SL-211125.1

- 1 -

3.  Pursuant to ¶ 6 of the Agreement, each Defendant is jointly and severally liable to Plaintiffs ) Javier Gonzalez, Jaime Alvarez, Felipe Upun Jochala, Mario Rodriguez Martinez, Adan Mejia, Saul Mejia and Fernando Morales (hereinafter the "Settling Plaintiffs") in the amount of $150,000.00 in the event of default.

4.  In the event of a default that is not timely cured after written notice of default pursuant to ¶ 6 of the Agreement.  I confess judgment herein and, authorize judgment to be entered against me in the sum total of  $150,000.00  (less credit for any payments made under ¶ 4 of the Agreement), together with reasonable attorneys' fees and the costs attributed to enforcement of the Agreement against the Defendants, with any such credits and additions to be set forth in an affidavit of counsel for the Settling Plaintiffs to be filed herewith, which shall also set forth the facts of the default without cure under ¶ 6 of the Agreement.

5.  The undersigned submits to the jurisdiction of the United States District Court Southern District of New York, and authorizes the entry of judgment in the County of New York, State of New York.

_____
AllySandra S. L. Chan
**[Title]**

Sworn before me this
_____ day of _____, 2016

_____
NOTARY PUBLIC

Hope Pordy
Gillian Costello
SPIVAK LIPTON LLP
1700 Broadway
New York, New York 10019
Tel: (212) 765-2100
Fax: (212) 541-5429
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER GONZALEZ, JAIME ALVAREZ,
FELIPE UPUN JOCHALA, MARIO RODRIGUEZ
MARTINEZ, ADAN MEJIA, SAUL MEJIA and
FERNANDO MORALES,

                       Plaintiffs,

        v.

LOVING HUT 7th AVENUE, INC., LISA LI-FANG
WANG and ALLYSANDRA S.L. CHAN,

                      Defendants.

**AFFIDAVIT OF
CONFESSION OF
JUDGMENT**

Case No.16-CV-00221

STATE OF              )
                     ) ss
COUNTY OF          )

       Lisa Li-Fang Wang, being duly sworn, deposes and says as follows:

1. I reside at _____.

2. I am the _____ of Loving

    Hut 7th Avenue, a New York Corporation with offices at

    _____, and I am duly authorized to make this affidavit on its

    behalf.

3. Loving Hut 7th Avenue, Inc., is named as a defendant in Javier Gonzalez, et al. v.

    Loving Hut 7th Avenue, Inc., et al., Civil Action No. 16-cv-00221, filed in the United

    States District Court Southern District of New York (the "Litigation").  Loving Hut

    7th Avenue, Inc., is also a signatory to a Settlement Agreement and Release dated

December _____, 2016 (the "Agreement"), entered into by all parties in the Litigation for the purpose of resolving same.

4. The Agreement obligates Loving Hut 7th Avenue, Inc., along with certain other individuals and entities named as defendants in the Litigation, to make payments to those individuals named as Plaintiffs in the Litigation.  Such payments are to be made in five (5) installments over a _____ period.

5. A copy of the Agreement reflecting the payments to be made is attached herein as Exhibit A.

6. Pursuant to ¶ 6 of the Agreement, each Defendant is jointly and severally liable to Plaintiffs for the total amount payable to Plaintiffs under the Agreement by the Defendants in the amount of $150,000.00 in the event of default.

7. Loving Hut 7th Avenue, Inc., hereby confesses judgment herein and, in the event of a default that is not timely cured under ¶ 6 of the Agreement, authorizes judgment to be entered against Loving Hut 7th Avenue, Inc., in the sum total of $_____ (less credit for any payments made under ¶ 4 of the Agreement), together with reasonable attorneys' fees and the costs of this action, and such credits and additions to be set forth in an affidavit from a representative of the Plaintiffs to be filed herewith, which shall also set forth the facts of the default without cure under ¶ 6 of the Agreement.

8. The undersigned submits to the jurisdiction of the State of New York, County of New York.

Loving Hut 7th Avenue, Inc.,

By: _____
      Lisa Li-Fang Wang
      **[Title]**

Sworn to before me this
_____ day of _____, 2016


_____
NOTARY PUBLIC


SL-211130.1

- 2 -

Hope Pordy
Gillian Costello
SPIVAK LIPTON LLP
1700 Broadway
New York, New York 10019
Tel: (212) 765-2100
Fax: (212) 541-5429
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER GONZALEZ, JAIME ALVAREZ,
FELIPE UPUN JOCHALA, MARIO RODRIGUEZ
MARTINEZ, ADAN MEJIA, SAUL MEJIA and
FERNANDO MORALES,

                           Plaintiffs,                    **AFFIDAVIT OF**
                                                          **CONFESSION OF**
                                                          **JUDGMENT**
                    v.
                                                          Case No.16-CV-00221
LOVING HUT 7th AVENUE, INC., LISA LI-FANG
WANG and ALLYSANDRA S.L. CHAN,

                           Defendants.

STATE OF                    )
                            ) ss
COUNTY OF                   )

Lisa Li-Fang Wang, being duly sworn, deposes and says as follows:

1.  I reside at _____, County of
    _____, State of New York.

2.  This confession of judgment is for a debt justly to become due to certain Plaintiffs
    arising from the following facts: I am named as a Defendant in <u>Javier Gonzalez, et al.</u>
    <u>v. Loving Hut 7th Avenue, Inc., et al.</u>, Civil Action No. 16-cv-00221, filed in the
    United States District Court Southern District of New York (the "Litigation"). I am
    also a signatory to a Settlement Agreement and Release dated December _____, 2016
    (the "Agreement"), which sets forth the terms and conditions upon which the
    Litigation was resolved.

SL-211131.1                      - 1 -

3. Pursuant to ¶ 6 of the Agreement, each Defendant is jointly and severally liable to Plaintiffs ) Javier Gonzalez, Jaime Alvarez, Felipe Upun Jochala, Mario Rodriguez Martinez, Adan Mejia, Saul Mejia and Fernando Morales (hereinafter the "Settling Plaintiffs") in the amount of $150,000.00 in the event of default.

4. In the event of a default that is not timely cured after written notice of default pursuant to ¶ 6 of the Agreement. I confess judgment herein and, authorize judgment to be entered against me in the sum total of $150,000.00 (less credit for any payments made under ¶ 4 of the Agreement), together with reasonable attorneys' fees and the costs attributed to enforcement of the Agreement against the Defendants, with any such credits and additions to be set forth in an affidavit of counsel for the Settling Plaintiffs to be filed herewith, which shall also set forth the facts of the default without cure under ¶ 6 of the Agreement.

5. The undersigned submits to the jurisdiction of the United States District Court Southern District of New York, and authorizes the entry of judgment in the County of New York, State of New York.

_____
Lisa Li-Fang Wang
**[Title]**

Sworn before me this
_____ day of _____, 2016

_____
NOTARY PUBLIC

SL-211131.1